IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OUR LADY OF BELLEFONTE HOSPITAL, ) <br> a Kentucky corporation, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ASHLAND GI SERVICES, LLC, a Nevada ) <br> Limited Liability Company, ) <br> ) <br> Defendant. ) | | No. 11 C 6833 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff/judgment-creditor Our Lady of Bellefonte Hospital served defendant/judgment-debtor Ashland GI Services, LLC with a citation to discover assets, as well as interrogatories and requests for production of documents under Fed. R. Civ. P. 33, 34. Plaintiff also served non-party NextMed II, LLC with a "citation to discover assets to a third party." Both defendant and NextMed II have moved to quash the citations for lack of personal jurisdiction. Plaintiff has countered by moving to compel defendant to answer its discovery interrogatories and requests to produce. For the reasons discussed below, defendant's motion to quash is denied, plaintiff's motion to compel is granted, and NextMed II's motion to quash is granted.

## BACKGROUND

Plaintiff is a hospital located in Kentucky. Defendant is a supplier of medical parts headquartered in Tucson, Arizona and formed under the laws of Nevada. In late 2010, defendant commenced arbitration against plaintiff to collect amounts it alleged were owed to it under a gastrointestinal services contact between the parties and to recover damages for plaintiff's breach of an exclusivity provision in the agreement. Plaintiff filed a counterclaim and arbitration was conducted in Chicago under the auspices of the American Arbitration Association.

In June 2011, two of defendant's officers personally appeared at the Arbitration hearing in Chicago and testified in support of defendant's claims against plaintiff, and in response to plaintiff's counterclaim. After a year of arbitration, the arbitrator made a finding in favor of both parties on various claims, with the amount of damages awarded to plaintiff exceeding the damages awarded to defendant by $348,273.85.

On October 5, 2011, plaintiff filed an application to this court to confirm the arbitration award. Defendant did not object to the application, and this court confirmed the award and entered judgment by agreement. In November 2011, defendant asserted that it did not possess sufficient assets to satisfy the judgment against it. On November 17, 2011, plaintiff served defendant's registered agent in Carson City, Nevada, with a citation to discover assets purporting to require defendant to produce a representative before this court. Plaintiff also served a citation on NextMed II, an LLC formed under the laws of Arizona and located in Tucson. NextMed II is the sole managing member, sole Class A member and sole Class B member of defendant.

Both defendant and NextMed II moved to quash plaintiff's citations on November 23, 2011. On November 28, 2011, the court ordered briefing on defendant's and NextMed II's jurisdiction and venue objections. Four days later, plaintiff issued Rule 33 interrogatories and Rule 34 requests for production to defendant. Defendant has failed to respond to either.

**DISCUSSION**

**I. Defendant Ashland's Motion to Quash**

Defendant has moved to quash plaintiff's citation to discover assets, arguing that the court lacks personal jurisdiction over it. According to defendant, because the instant proceedings are ancillary asset discovery and collection proceedings governed by Fed. R. Civ. P. 69, the court must have an independent basis for personal jurisdiction. Because it is undisputed that defendant has had no contact with Illinois other than the arbitration, defendant argues that it is not subject to the personal jurisdiction of the court.

Defendant is only partially correct. Rule 69(a)(1) provides that a money judgment is enforced by a writ of execution. "The procedure or execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located . . ." The rule also provides that a "judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Illinois citation procedures are governed by 735 ILCS 5/2-1402(a), which allows judgment creditors to discover assets of the judgment debtor and to compel "the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment." Woolard v. Woolard, 2009 WL 3150435 (N.D. Ill. 2009). Illinois Supreme Court Rule 277(d) provides that "[i]f the party to be cited neither resides nor is employed nor transacts his business in person in this State, the proceeding may be commenced in any county in the State, upon the filing of a transcript of judgment in the court in the county in which the proceeding is to be commended."

Despite the language of the rule, the Seventh Circuit and Illinois courts have held that they must possess an independent basis for personal jurisdiction over an individual to whom the court issues a citation. See Woolard, 2009 WL 3150435 at *3 (collecting cases). "Courts cannot use Rule 277, which sets forth the court's subject-matter jurisdiction, to bootstrap personal jurisdiction." Id. (emphasis in original). Instead, the court must determine personal jurisdiction by reviewing the Illinois Long-Arm Statute and due process. Id. (citing Textile Banking Co. v. Rentschler, 657 F.2d 844, 852 (7th Cir. 1981)).

Defendant argues that because it has no connection to Illinois, it has not purposely availed itself of the purpose of conducting activity here and is not subject to the personal jurisdiction of the court under International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), and its progeny. It is here that defendant is incorrect.

The parties agreed to arbitrate their disputes in Chicago. Indeed, it was defendant that initiated the arbitration. Plaintiff applied to this court for confirmation of the award pursuant to § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, which provides in relevant part (emphasis added):

> . . . at any time within one year after the award is made any party to the arbitration may apply to the court so specified [in the arbitration agreement] for an order confirming the award. . . . If no court is specified . . . then such application may be made to the United States Court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

Because defendant raises no argument that it was improperly served under § 9, the court has jurisdiction over defendant as if it had appeared generally. Indeed, defendant has appeared generally, and agreed to the entry of judgment against it. Section 9 also provides that venue is

proper in this district. Additionally, under the FAA the judgment entered by the court "has the same force and effect, . . . and may be enforced as if it had been rendered in an action in the court in which it is entered." Accordingly, defendant's motion to quash the citation to discover assets is denied. To the extent, however, that plaintiff is seeking an oral examination of a representative of defendant, the court directs that such examination be conducted telephonically or by some other electronic means agreeable to the parties. If such electronic examination proves problematic, either party may seek additional relief from the court.

## II. Third-Party Defendant NextMed II's Motion to Quash

Unlike defendant, NextMed II is not a party, and has never submitted to the jurisdiction of the court either by appearing generally and waiving personal jurisdiction arguments, or by arbitrating with plaintiff. Thus, it is subject to a citation from this court only if the court has personal jurisdiction over it as controlled by International Shoe and its progeny. NextMed II has argued and presents evidentiary support that it has no connection to Illinois that would support this court's exercise of personal jurisdiction over it. Plaintiff has presented nothing to the contrary except to argue that personal jurisdiction over NextMed II is not necessary. As explained above, NextMed II's position is incorrect. Because the court concludes that personal jurisdiction over NextMed II is necessary but lacking, NextMed II's motion to quash is granted.

## III. Plaintiff's Motion to Compel

Plaintiff requests that this court enter an order compelling defendant to answer its Rule 33 interrogatories and produce all documents requested by plaintiff in its Rule 34 requests for production. Plaintiff correctly argues that under Rule 69(a)(2), it is specifically authorized to obtain discovery in aid of execution, including issuing Rule 33 and Rule 34 discovery requests.

Defendant contends that under Rule 69(a)(2), a judgment creditor may obtain discovery either under the federal rules or by the procedure of the state where the court is located, but not both. Defendant also argues that it has no obligation to respond to discovery so long as it objects to the personal jurisdiction of the court.

This court disagrees with defendant. Fed. R. Civ. P. 26(b) provides the mechanism by which a party may seek relief from discovery it believes to be unreasonable. Defendant did not receive, or even seek, relief from discovery pursuant to Rule 26(b). Further, defendant's unsuccessful motion challenging the personal jurisdiction of the court does not bar discovery. See Philos Technologies, Inc. v. Philos & D, Inc., 645 F.3d 851, 856 (7th Cir. 2011). Accordingly, the court grants plaintiff's motion to compel defendant to respond to the Rule 33 interrogatories and produce all documents requested by plaintiff in its Rule 34 requests for production.

Finally, plaintiff requests, pursuant to Rule 37(a)(5)(A), that this court require defendant to pay plaintiff's expenses, including attorneys fees. This request is denied because the discovery requests seek essentially the same information as the citation to discover assets.

## CONCLUSION

For the foregoing reasons, defendant's motion to quash [Doc. 16] is denied. Third-party NextMed II's motion to quash [Doc. 20] is granted. Plaintiff's motion to compel discovery [Doc. 32] is granted. Plaintiff's request for payment of expenses is denied.

**ENTER:** March 9, 2012

_____
**Robert W. Gettleman**
**United States District Judge**